KILPATRICK TOWNSEND & STOCKTON LLP
JAMES SMITH (State Bar No. 190050)
James.Smith@ktslaw.com
KEVIN L. QUAN (State Bar No. 317798)
KQuan@ktslaw.com
Two Embarcadero Center, Suite 1900
San Francisco, CA 94111
Telephone: 415 576 0200
Facsimile: 415 576 0300

Attorneys for Defendant
MOVEMENT MORTGAGE, LLC

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| BENTURA MENDOZA,<br><br>Plaintiff,<br><br>v.<br><br>MOVEMENT MORTGAGE, LLC and DOES 1 thru 100, inclusive,<br><br>Defendants. | Civil Action No.<br><br>**NOTICE OF REMOVAL**<br><br>Complaint Filed: October 3, 2024 |

**TO THE ABOVE-ENTITLED COURT AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Movement Mortgage, LLC ("Movement Mortgage") hereby removes this action from the Superior Court for the State of California, in and for the County of Placer, to the United States District Court for the Eastern District of California. This removal is based on diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332 and 1441(b), for the reasons stated below:

## I. PROCEDURAL HISTORY

1. On October 3, 2024, Plaintiff Bentura Mendoza ("Plaintiff") filed his complaint with the Superior Court for the State of California, in and for the County of Placer (the "Superior Court"), entitled "*Bentura Mendoza, Plaintiff v. Movement Mortgage, LLC, and DOES 1 to 100, inclusive*," designated as Case Number S-CV-0053756 ("Complaint").

2. The Complaint alleges the following causes of action: (1) Failure to Pay Overtime Compensation; (2) Failure to Authorize and Permit Rest Periods; (3) Failure to Provide Meal Periods; (4) Failure to Furnish Accurate Itemized Wage Statements; (5) Failure to Reimburse Work Expenses; (6) Failure to Pay All Wages Due Upon Termination; and (7) Unlawful, Deceptive, and/or Unfair Business Practices.

3. The Summons and Complaint were served on Movement Mortgage's counsel via Notice and Acknowledgment of Receipt on November 1, 2024. [*See* Declaration of Kevin Quan ("Quan Decl.") ¶ 2, Ex. A.].

4. Based on information and belief, no other pleadings have been filed in this matter.

5. As of the date of this Notice of Removal, no other parties have been named or validly served with the Summons and Complaint in this matter. Because no other defendant has been served, they need not join or consent to Movement Mortgage's Notice of Removal. [*Community Bldg. Co. v. Maryland Casualty Co.*, 8 F.2d 678, 678-679 (9th Cir. 1925) (named defendants not yet served in state court action need not join the notice of removal).]

## II. REMOVAL IS BASED ON DIVERSITY JURISDICTION

6. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332. This action is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.

7. Further, because the United States District Court for the Eastern District of California has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332, this action may be removed in its entirety pursuant to 28 U.S.C. § 1441(a) and (b). In addition, this Court has supplemental jurisdiction over all state claims that are so related to the claims within the Court's

original jurisdiction that they form part of the same case or controversy, pursuant to 28 U.S.C. § 1367(a).

**A. <u>Plaintiff's Citizenship</u>**

8. To establish citizenship for diversity purposes, a natural person must be domiciled in a particular state. [*Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).] Natural persons are domiciled in the places they reside with the intent to remain or to which they intend to return. [*Kanter v. Warnter-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).] Residence is *prima facie* evidence of domicile. [*Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013); *Marroquin v. Wells Fargo, LLC*, 2011 WL 476540, at *1 (S.D. Cal. Feb. 3, 2011).]

9. An existing domicile is presumed to continue. [*Mitchell v. United States*, 88 U.S. 350, 353 (1875) ("[D]omicile, once acquired, is presumed to continue until it is shown to have been changed."); *Mintzis v. Scott*, 2014 WL 3818104, at *5 (C.D. Cal. July 30, 2014).] It is presumed that a natural person's residence is also his domicile, and a party resisting this presumption bears the burden of producing contrary evidence. [*Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986).]

10. Movement Mortgage is informed and believes, and on that basis alleges, that Plaintiff is now, and was at all material times, a citizen of the State of California within the meaning of 28 U.S.C. § 1332(a). [*See* Quan Decl. ¶ 2, Ex. A, Compl. ¶ 7.] Accordingly, Plaintiff is domiciled in and a citizen of the State of California for the purposes of diversity jurisdiction. [*See Sololoff v. LRN Corp.*, 2013 WL 4479010, at *2-3 (C.D. Cal. Aug. 19, 2013) (finding that the removing defendant "carried its burden of showing diversity" because it had presented evidence of plaintiff's residence, which was "prima facie evidence of his domicile, and thus of his citizenship").]

**B. <u>Movement Mortgage's Citizenship</u>**

11. A corporation is "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." [28 U.S.C. § 1332(c)(1).] A corporation's "principal place of business" refers to the place where the corporation's high-level officers direct,

control, and coordinate the corporation's activities, i.e., its "nerve center." [*Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).] In practice, the nerve center is normally the corporation's headquarters, provided that the headquarters is the actual center of direction, control, and coordination. [*Id.*]

12. For purposes of determining jurisdiction, Defendant Movement Mortgage, LLC, as a limited liability company, is a citizen of every state of which its owners/members are citizens. [*Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).] The members of Movement Mortgage, LLC are Abram's Promise, Inc. and Harris Covenant, Inc. [Declaration of Nancy Pezold ("Pezold Decl.") ¶ 3.]

13. Abram's Promise, Inc. is a corporation organized under the laws of the State of North Carolina with its principal place of business in Indian Land, South Carolina. [Pezold Decl. ¶ 3.]

14. Harris Covenant, Inc. is a corporation organized under the laws of the State of Virginia with its principal place of business in Norfolk, Virginia. [Pezold Decl. ¶ 3.]

15. Thus, Movement Mortgage, LLC is a citizen of North Carolina, South Carolina, and Virginia for purposes of diversity jurisdiction.

16. To Movement Mortgage's knowledge, there are no Doe defendants. However, assuming the existence of any, they are and would be fictitious defendants and are not parties to this action. Unnamed defendants sued as Does also are not required to join in a removal petition, and their citizenship is disregarded for purposes of removal. [*See* 28 U.S.C. § 1441(a); *Fristos v. Reynolds Metal Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).]

**C. <u>Complete Diversity Exists</u>**

17. Because Plaintiff is a citizen of California and Movement Mortgage is a citizen of North Carolina, South Carolina, and Virginia, complete diversity of citizenship exists.

**D. <u>Amount In Controversy</u>**

18. The Court has diversity jurisdiction over an action in which the parties are not citizens of the same state and "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs." [28 U.S.C. § 1332(a).]

19. Establishing the $75,000 threshold necessary for diversity jurisdiction is not burdensome. When seeking removal of a state action to federal court based on diversity jurisdiction, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." [*Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).]

20. The failure of the complaint to specify the total amount of damages or other monetary relief sought by Plaintiff does not deprive this Court of jurisdiction. [*See, e.g., Saulic v. Symantec Corp.*, 2007 WL 5074883, *5 (C.D. Cal. Dec. 26, 2007).] A defendant need only to establish by a preponderance of evidence that the claims exceed the jurisdictional minimum. [*Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 982 (9th Cir. 2013); *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).]

21. Movement Mortgage denies Plaintiff's allegations, denies any liability, and denies that Plaintiff has suffered any damages. [Quan Decl. ¶ 8.] Nevertheless, in assessing the amount in controversy for diversity jurisdiction purposes, a court must assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. [*Bank of California Nat. Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489,491 (9th Cir. 1972); *Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1117 (C.D. Cal. 2010); *Kenneth Rothchild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).] This includes any possible award of attorneys' fees where, as here, a statute at issue awards attorneys' fees to the prevailing party. [*See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract."); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998).] Therefore, the ultimate inquiry is what amount is put in controversy by the plaintiff's complaint, not what the amount of a defendant's liability (if any) will ultimately be. [*Galt G/S*, 142 F.3d at 1155.]

22. The amount in controversy may include general and special compensatory damages and attorneys' fees which are recoverable by statute. [*Galt G/S*, 142 F.3d at 1155-56.]

23. <u>Special Damages</u>. In this instance, the Complaint and Prayer for Relief contained therein reasonably demonstrate that the amount in controversy does, in fact, exceed $75,000.

Plaintiff is seeking "economic damages," including lost money and earnings, in addition to actual, consequential and incidental monetary damages, prejudgment interest, compensatory damages, and restitution. [Quan Decl. ¶ 2, Ex. A, Compl. ¶¶ 3-4, 22, 29, 33, 37, 42, 48, 55-56, 66, 69, and Prayer for Relief.]

24. Additionally, Plaintiff's Complaint seeks unpaid overtime wages. [Quan Decl. ¶ 2, Ex. A, Compl. ¶ 23-29.] During Plaintiff's employment, Plaintiff earned on average in excess of $250,000 per year in wages and commissions.[1] [Quan Decl. ¶ 5.] Even assuming that Plaintiff worked a minimum of three hours of unpaid overtime per workweek, the amount of damages put at issue on Plaintiff's unpaid overtime claim is $67,608.75. [*Id.*]

25. Moreover, Plaintiff's Complaint seeks statutory damages and penalties for alleged wage and hour violations. [Quan Decl. ¶ 2, Ex. A, Compl. ¶ 42.] Specifically, Plaintiff seeks "an aggregate penalty not to exceed $4,000" for damages pursuant to Labor Code section 226. [*Id.*] Additionally, Plaintiff seeks additional penalties for alleged missed meal and rest breaks. [Quan Decl. ¶¶ 2, 6, Ex. A, Compl. ¶¶ 30-37.] Plaintiff's Complaint does not quantify the amount sought for his meal and rest break claims but alleges that he was "routinely" not provided breaks. [*Id.*] Even assuming a quarter of the time period in his Complaint, Plaintiff's claim for meal and rest period premiums would be $60,000.00 in penalties. [Quan Decl. ¶ 6.]

26. Attorneys' Fees. Moreover, Plaintiff seeks to recover his attorneys' fees as provided by statute. [Quan Decl. ¶ 2, Ex. A, Compl. ¶¶ 26, 42, and Prayer for Relief.] Where an underlying statute authorizes the award of attorneys' fees, as is the case here, such fees may be included in calculating the amount in controversy. [*See Galt G/S*, 142 F.3d at 1156; *Goldberg v. CPC Int'l Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1992).] Here, Plaintiff's causes of action under the California Labor Code carry a prevailing party attorneys' fee provision. [*See* Cal. Lab. Code §§ 218.5, 226(e), and 1194.]

27. As other courts have noted, litigating employment actions often "require substantial

[1] Given that Plaintiff's compensation information is protected by privacy rights, Defendant has not included his specific compensation details. However, should the Court require such information, Defendant can produce Plaintiff's payroll records. However, such detailed information is not required at the removal pleading stage. [*Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 89.]

effort from counsel." [*Simmons*, 209 F. Supp. 2d at 1035.] Indeed, "attorneys' fees in individual cases often exceed the damages." [*Id.*] Reasonable attorneys' fees for a successful employment case through trial could not possibly be less than $75,000. [*Id.*] It is more likely that Plaintiff's attorneys' fees, alone, will exceed $75,000 if this matter goes to trial. [Quan Decl. ¶ 7.]

28. Although Movement Mortgage denies any award of damages is appropriate here, the evidence is sufficient to establish that Plaintiff has placed in controversy an amount exceeding the jurisdictional amount of $75,000, exclusive of costs and interest. [Quan Decl. ¶ 8.] Accordingly, this State Court action may be removed to the United States District Court for the Eastern District of California because, at the time this action was filed and at the present time, diversity jurisdiction exists.

## III. TIMELINESS OF REMOVAL

29. Under 28 U.S.C. section 1446(b), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, . . ." The 30-day period for removal is triggered once service occurs. [*Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 ("Accordingly, we hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.").]

30. Movement Mortgage was served with the complaint via a Notice and Acknowledgment of Receipt on November 1, 2024. [Quan Decl. ¶ 2.] Movement Mortgage files this Notice of Removal on December 2, 2024. As such, Movement Mortgage's Notice of Removal is timely.

## IV. NOTICE PROVIDED TO STATE COURT AND PLAINTIFF

30. In accordance with 28 U.S.C. section 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be promptly served on Plaintiff and filed with the Clerk of the Placer County Superior Court. [Quan Decl. ¶ 3, Ex. B.] Therefore, all procedural requirements under 28 U.S.C. section 1446 have been satisfied.

31. This Notice of Removal is effected properly and timely pursuant to 28 U.S.C.

sections 1441 and 1446.

32. Venue is proper in this District pursuant to 28 U.S.C. section 1441(a) because the Superior Court where the removed case was pending is located within this District.

**V. INTRADISTRICT ASSIGNMENT**

33. Intradistrict Assignment: Assignment to the Sacramento or Redding Division is proper because the state action filed by Plaintiff is pending in Placer County Superior Court and arose in Placer County. [28 U.S.C. §§ 1441(a), 1446(a); Local Rule 120(d).]

WHEREFORE, Movement Mortgage removes the above-entitled action now pending in the Superior Court of the State of California for the County of Placer to this Court.

DATED: December 2, 2024

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: Kevin Quan

JAMES SMITH
KEVIN L. QUAN

Attorneys for Defendant
MOVEMENT MORTGAGE, LLC

# CERTIFICATE OF SERVICE

I, declare that I am employed in the City and County of San Francisco, California, in the office of a member of the bar of this Court at whose direction this service was made.

I am over the age of eighteen years and not a party to this action. My business address is Kilpatrick Townsend & Stockton LLP, Two Embarcadero Center, Suite 1900, San Francisco, California 94111. On December 2, 2024, I served the document entitled: **NOTICE OF REMOVAL** on the interested parties in this action, as follows:

Carolyn H. Cottrell (SBN 166977)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100
Fax: (415) 421-7105
ccottrell@schneiderwallace.com

Attorneys for Plaintiff

Esther L. Bylsma (SBN 264208)
Sandra Acosta Tello (SBN 315616)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
300 S. Grand Avenue, Suite 2700
Los Angeles, California 90071
Tel: (213) 835-1550; Fax: (415) 421-7105
ebylsma@schneiderwallace.com
sacostatello@schneiderwallace.com

Attorneys for Plaintiff

☒ [By First Class Mail] I am readily familiar with my employer's practice for collecting and processing documents for mailing with the United States Postal Service. On the date listed herein, following ordinary business practice, I served the within document at my place of business, by placing a true copy thereof, enclosed in a sealed envelope, with first class postage thereon fully prepaid, for collection and mailing with the United States Postal Service, where it would be deposited with the United States Postal Service that same day in the ordinary course of business.

☐ [By Overnight Courier] I caused each envelope to be delivered by a commercial carrier service for overnight delivery to the offices of the addressee(s).

☐ [By Hand] I caused to be hand delivered each envelope to the party(ies) so designated on the service list.

☒ [By Electronic Transmission] I caused said document to be sent by electronic transmission to the e-mail address indicated for the parties listed above from email address sdmpearson@kilpatricktownsend.com.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on December 2, 2024, at San Francisco, California.

Stephanie DM Pearson