UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENTURA MENDOZA,<br>Plaintiff,<br><br>v.<br><br>MOVEMENT MORTGAGE, LLC,<br><br>Defendant. | No. 2:24-cv-03371-DAD-CSK<br><br>ORDER RE: DISCOVERY DISPUTE (ECF No. 65) |

On August 27, 2026, the Court held an informal discovery conference regarding the parties' dispute as to Defendant Movement Mortgage, LLC's subpoenas to Plaintiff Bentura Mendoza's prior/other employers and Plaintiff's responses to certain of Defendant's interrogatories, Requests for Admission, and Requests for Production ("RFP"). (ECF No. 65.) Counsel Caroline Hill appeared for Plaintiff, and counsel James Smith and Kevin Quan appeared for Defendant.

The Court's ruling is based on the following standards: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). A party may propound interrogatories relating to any

matter that may be inquired to under Rule 26(b). Fed. R. Civ. P. 33(a). A party may serve requests to produce documents in the responding party's possession, custody, or control, including designated documents, electronically stored information, or other writings. Fed. R. Civ. P. 34(a)(1). A party may serve requests for admission on any matters within the scope of Rule 26(b)(1) relating to “facts, the application of law to fact, or opinions about either”; and “the genuineness of any described documents.” Fed. R. Civ. P. 36(a)(1).

The Court GRANTED IN PART and DENIED IN PART the parties’ discovery requests (ECF No. 65) as summarized below.

1) Defendant’s Subpoena Category 1 - GRANTED IN PART and DENIED IN PART motion to quash. As currently drafted, this category is overbroad and is narrowed to permit documents related to Plaintiff’s termination/separation and Plaintiff’s employment application in Plaintiff’s personnel file as defined in the California Labor Code. Plaintiff agreed to this modification.

2) Defendant’s Subpoena Category 2 - GRANTED IN PART and DENIED IN PART motion to quash. This category is relevant, but overbroad as currently drafted and is narrowed to non-privileged documents for loan officer positions/ roles.

3) Defendant’s Subpoena Category 3 - GRANTED motion to quash. While this category may be relevant, it is not proportional to the needs of the case. Category #2 provides agreements with Plaintiff classifying him as an exempt or non-exempt employee for loan officer positions/ roles.

4) Defendant’s Subpoena Category 4 - GRANTED IN PART and DENIED IN PART motion to quash. This category is relevant, but overbroad as currently drafted and is narrowed to impose a ten year time period for the documents sought.

5) Defendant’s Subpoena Category 5 - GRANTED IN PART and DENIED IN PART motion to quash. This category is relevant, but overbroad as currently

drafted and is narrowed to Plaintiff's last employer before his employment with Defendant and Plaintiff's immediate employer after his employment with Defendant. Both Plaintiff and Defendant agreed to this modification.

6) Defendant's Subpoena Category 6 - GRANTED IN PART and DENIED IN PART motion to quash. This category is relevant, but overbroad as currently drafted and is narrowed to impose a ten year time period for the documents sought.

7) Defendant's Interrogatory No. 3 - GRANTED motion to compel. The information sought is not privileged.

8) Defendant's Interrogatory No. 13, RFA Nos. 5 & 6 - DENIED motion to compel. Plaintiff's responses to these requests are sufficient. Defendant may also explore these issues in Plaintiff's deposition.

9) Defendant's RFP No. 17 - GRANTED IN PART and DENIED IN PART motion to compel. Defendant is entitled to this information after Plaintiff's employment with Defendant ended, and is ordered to modify its RFP accordingly.

10) By Friday, September 4, 2026, Defendant must serve its amended subpoenas and modified RFP No. 17 as ordered.

11) Plaintiff must serve his supplemental response to Interrogatory No. 3 and modified RFP No. 17 within fourteen (14) days of service of Defendant's modified RFP No. 17.

**It is so ordered.**

Dated: August 28, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/mend.3371.24. disco