UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENTURA MENDOZA,<br>Plaintiff,<br><br>v.<br><br>MOVEMENT MORTGAGE, LLC,<br><br>Defendant. | No. 2:24-cv-03371-DAD-CSK<br><br>ORDER RE: DISCOVERY DISPUTE (ECF No. 65) |

On November 20, 2026, the Court held a third informal discovery conference in this action. Plaintiff Bentura Mendoza seeks to compel Defendant Movement Mortgage, LLC's supplemental responses to Plaintiff's Requests for Production ("RFP") numbers 19, 20, and 28. (ECF No. 78.) Counsel Caroline Hill appeared for Plaintiff, and counsel James Smith appeared for Defendant.

The Court's ruling is based on the following standards: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). A party may serve requests to produce documents in the responding party's possession, custody, or control, including designated documents,

electronically stored information, or other writings. Fed. R. Civ. P. 34(a)(1).

The Court GRANTED IN PART and DENIED IN PART Plaintiff's discovery requests (ECF No. 78) as summarized below.

1) Plaintiff's RFP No. 19 - GRANTED IN PART and DENIED IN PART. As currently worded, RFP No. 19 is overbroad. The Court agreed with Plaintiff's proposed modification to narrow this RFP to all communications to/from Defendant's management, identifying certain custodians, regarding Plaintiff and the policies identified. The "as applicable to Plaintiff" language will be removed.

2) Plaintiff's RFP No. 20 - GRANTED IN PART and DENIED IN PART. As currently worded, RFP No. 20 is overbroad. Plaintiff must modify this RFP to narrow it to complaints from employees regarding their classification/ misclassification as an exempt or non-exempt employee.

3) Plaintiff's RFP No. 28 – GRANTED IN PART and DENIED IN PART. While Plaintiff is entitled to the information sought in this RFP, the search protocol has resulted in a volume that is overly burdensome to require Defendant to review and produce, which indicates that search protocol was not sufficiently developed or adequate to identify responsive documents. Defendant stated that it has produced all responsive documents, including communications to/from Plaintiff and communications that do not include Plaintiff as a sender or recipient. The Court accepts Defendant's proposal to supplement its response to indicate this and provide a verified response.

4) Plaintiff must serve its modified RFPs by Tuesday, November 24, 2026. The modified RFPs must remove "subject to search protocols" language. The parties agreed that the "relevant time period" for these RFPs is from January 1, 2022 to the present. The parties are ordered to finish their meet and confer as to these RFPs by December 11, 2026. Defendant must supplement its responses and produce responsive documents by December 24, 2026.

Defendant is reminded that it must fully meet and confer regarding these RFPs and discovery disputes. The parties are not required to produce privileged communications with counsel, and Plaintiff does not indicate that it is seeking such communications.

**It is so ordered.**

Dated: November 23, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/mend.3371.24.IDC3